# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

FILED

2013 FEB -8  PM 3: 05

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

CHRISTINE CART

( Plaintiff )

-vs-

CAPITAL MANAGEMENT
SERVICES, LP ,

CAPITAL ONE SERVICES, LLC

CHEEK LAW OFFICES, LLC

AARON J. WILSON

RICHARD K. MONTGOMERY esq.

CAPITAL ONE BANK (USA), N.A.
(Defendant's)

CASE NO.  1:13 CV 292

JUDGE  JUDGE GWIN

MAG. JUDGE BAUGHMAN

COMPLAINT

DEMAND FOR JURY TRIAL

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## PARTIES

1. Plaintiff, Christine Cart ("Plaintiff"), is a natural person residing in Ashtabula County, Ohio with an address of c/o 1380 US State Route 322 Orwell, Ohio 44076.

2. Plaintiff is a consumer as defined by the FAIR DEBT COLLECTIONS PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692a (3), the FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681a (c) and OHIO REV. CODE § 1345.01(D).

3. Defendant, CAPITAL MANAGEMENT SERVICES, LP ("Capital Management"), has an address of 726 Exchange Street, Suite 700 Buffalo, NY 14210.

4. Defendant, CAPITAL ONE SERVICES, LLC ("Capital LLC"), has an agent address C/O, CSC-LAWYERS INCORPORATING SERVICE 50 W. Broad St. Suite 1800 Columbus, Ohio 43215.

5. Defendant, CHEEK LAW OFFICES, LLC ("Cheek"), has an address of 471 East Broad Street 12th Floor Columbus, Ohio 43215.

6. Defendant, AARON J. WILSON ("Wilson"), has an address of 471 East Broad Street 12th Floor Columbus, Ohio 43215.

7. Defendant, RICHARD K. MONTGOMERY esq., ("Montgomery"), has an address of 17745 Portage rd. Lake Milton, Ohio 44429.

8. Defendant, CAPITAL ONE BANK (USA), N.A. ("Capital N.A."), has an address of 1680 Capital One Drive McLean, Virginia 22102.

9. Defendants, Capital Management, Capital LLC, Cheek, Wilson, Montgomery, Capital N.A are Debt Collectors who regularly collects or attempts to collect debts as defined by FDCPA, 15 U.S.C. § 1692a (6).

10. Defendants, Capital Management, Capital LLC, Cheek, Wilson, Montgomery, Capital N.A Debt Collectors are furnishers of information within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681s-2.

11. Defendants Capital Management, Capital LLC, Capital N.A are subject to the FCRA within the meaning of 15 U.S.C. § 1681a (b).

12. Defendants Capital Management, Capital LLC, Cheek, Wilson, Montgomery, Capital N.A. is a "Person" and "Supplier" bringing it within the ambit of OHIO REV. CODE §1345.01(B),(C) in that Defendants engaged in the conduct of attempting to collect an alleged debt.

## JURISDICTION AND VENUE

13. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 15 U.S.C. §1681p, 28 U.S.C § 1331, Ohio Rev. Code § 1345 and supplemental jurisdiction exists for the State Law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper pursuant to 28 U.S.C. § 1391b where the acts and transactions giving rise to Plaintiff's actions occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this District.

## NATURE OF ACTION

15. This is an action for damages brought by Plaintiff for Defendants violations of the FDCPA, FCRA and the OHIO CONSUMER SALES PRACTICES ACT ("OCSPA").

16. Plaintiff contends that Debt Collector Defendants violated such laws in an attempt to collect an alleged debt from Plaintiff and Defendant Capital Management initiating an inquiry from Plaintiff's credit report without permissible purpose.

17. Plaintiff seeks to recover monetary damages for Defendants' violations of FDCPA, FCRA, and the OCSPA.

## FACTUAL ALEGATIONS

18. Defendants, Capital Management, Capital LLC, Cheek, Wilson, Montgomery, Capital N.A uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due.

19. In connection with an attempt to collect an alleged debt, Capital Management, sent initial written communication to Plaintiff February 10, 2012, Reference Number 080945166,

Alleged Account # XXXXXXXXXXXXX6760, Alleged balance $1694.60, alleging Capital LLC, as the alleged Creditor.

20. Plaintiff sent Capital Management, Capital LLC, a Letter of Dispute and Request for Validation (Letter), on February 10, 2012.

21. The Letter was sent Certified Mail return receipt #7010 1870 0003 6102 6385.

22. Capital Management and Capital LLC received the Letter February 13, 2012.

23. Capital Management and Capital LLC, failed to Validate.

24. On or about March 11, 2012, Plaintiff pulled her Equifax Credit Report.

25. Plaintiff discovered Capital Management initiated a credit inquiry on January 31, 2012 in her Equifax Credit Report.

26. On or about June 7, 2012, Plaintiff telephoned Capital Management and spoke to Mr. Patrick Hewson.

27. Plaintiff Verbally Disputed Capital Managements credit inquiry and demanded it be removed from the credit report with Mr. Hewson.

28. Plaintiff asked Mr. Hewson; Why Capital Management inquired into her Credit Report?

29. Mr. Hewson responded "to locate me".

30. Mr. Hewson refused to remove the inquiry.

31. Mr. Hewson told Plaintiff to place a written request and gave Plaintiff a fax number.

32. On or about June 7, 2012, Plaintiff Faxed a written dispute and request to Capital Management to immediately remove their inquiry from plaintiff's Credit report.

33. On June 13, 2012, Plaintiff received correspondence from Capital Management signed by Cory Magnuson (General Counsel) refusing to remove the Credit Inquiry stating they have ceased collection efforts.

34. Upon belief and information, Capital Management and Capital LLC transferred to Cheek the alleged account for collection on the alleged debt without disclosing the alleged debt was disputed.

35. In connection with an attempt to collect an alleged debt, On June 22, 2012, Plaintiff received initial written communication from Cheek Law Offices, LLC ("Cheek"), claiming our file Number 12-7261, Account # XXXXXXXXXXXX6760, balance $1,148.79, Creditor: Capital One, Claim Owner: Capital One Bank (USA) N.A.

36. On June 23, 2012, Plaintiff sent Cheek a Letter of Dispute and Request for Validation (Letter).

37. The Letter was sent Certified Mail return receipt #7010 1870 0003 6102 7528.

38. Cheek received the Letter June 25, 2012.

39. On July 13, 2012, Cheek and Capital N.A., sent Plaintiff uncertified copies of a print-out with blacked out squires of some alleged account, ostensibly to validate the alleged debt, included was a letter that states in part: **"THIS COMMUNICATION IS FROM A DEBT COLLECTOR"**.

40. Cheek failed to validate the alleged debt.

41. In connection with an attempt to collect an alleged debt, on August 10, 2012, Cheek filed a Complaint against Plaintiff captioned, CAPITAL ONE BANK (USA), N.A. C/O CHEEK LAW OFFICES, LLC 471 EAST BROAD STREET 12TH FLOOR COLUMBUS OH 4321 as Plaintiff.

42. The Complaint failed to include the evidence of an alleged debt or alleged account.

43. The Complaint was filed in the Ashtabula County Court, Eastern Division 25 West Jefferson Street Jefferson, Ohio 44047.

44. The Complaint was assigned Case Number 2012CV367. ("Complaint").

45. The Complaint was filed and signed by Aaron J. Wilson Attorney from Cheek Law Offices, LLC.

46. On October 12, 2012, Plaintiff filed into the Civil Action a *Notice of Dispute*, Motion to Dismiss and a Motion for Definite Statement, serving them to Cheek, Wilson and Capital N.A.

47. Cheek, Capital N.A., and Wilson again failed to Validate.

48. On October 17, 2012, Cheek, Capital N.A., and Wilson sent Plaintiff a letter that states in part: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR".

49. On October 25, 2012, Cheek, Capital N.A., and Wilson sent Plaintiff a letter that states in part: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR".

50. The Court in the Action ordered Capital N.A., Cheek, and Wilson, to respond to plaintiff's Motion for Definite Statement.

51. Cheek, Capital N.A., and Wilson responded to Plaintiff's Motion for Definite Statement they failed to Validate.

52. On November 8, 2012, Cheek, Wilson, Capital N.A., sent Plaintiff a letter that states in Part: Amount of Claim: $1262.79 and "THIS COMMUNICATION IS FROM A DEBT COLLECTOR".

53. On November 19, 2012, Plaintiff filed into the action a Motion to strike Cheeks, Wilson and Capital N.A's Complaint and response to Plaintiff's Motion to dismiss/Motion for Definite Statement and a Motion for Order of Dismissal.

54. The Court in the Action held a Motions hearing on November 27, 2012.

55. In an attempt to collect a debt, RICHARD K. MONTGOMERY esq., appeared at the hearing and failed to warn it was a Debt Collector.

56. The Court in the Action has not made any Rulings, since the November 27, 2012, Hearing.

57. Upon belief and information, Plaintiff contends that many of these practices are widespread and common actions of all the Defendants.  Plaintiff intends to propound discovery to all Defendants in order to identify these other individuals who have suffered similar violations.

58. Defendant's actions caused great concern and distress upon plaintiff.

59. Plaintiff has no prior or present relationship with the defendants.

60. Plaintiff has no contractual obligation to pay the defendants.

61. Defendants asserted a right which it lacks, to wit, the right to enforce a debt.

62. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of defendants violations, defendants are liable to plaintiff for plaintiffs actual, statutory and punitive damages, costs, and attorney's fees.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692e (2) BY DEFENDANT DEBT COLLECTORS

63. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 62 as though fully set forth herein.

64. Capital Management, Capital LLC, Cheek, Wilson, Montgomery, Capital N.A violated 15 U.S.C § 1692e(2) by falsely representing the character, amount, or legal status of any debt.

WHEREFORE, Plaintiff demands judgment for damages against Defendants as follows;

Adjudging Defendants violated the FDCPA;

Awarding Plaintiff statutory damages in the amount of $1000.00;

Awarding Plaintiff actual and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692e(10) BY DEFENDANT DEBT COLLECTORS

65. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 64 as though fully set forth herein.

66. Capital Management, Capital LLC, Cheek, Wilson, Montgomery, Capital N.A violated 15 U.S.C. § 1692e(10) by the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

67. 15 U.S.C. § 1692e(10) states in part;

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants as follows;

Adjudging Defendants violated the FDCPA;

Awarding Plaintiff statutory damages in the amount of $1000.00;

Awarding Plaintiff actual and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692e(8) BY DEFENDANT DEBT COLLECTORS

68. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 67 as though fully set forth herein.

69. Capital Management, Capital LLC, Cheek, Wilson, Capital N.A violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants as follows;

Adjudging Defendants violated the FDCPA;

Awarding Plaintiff statutory damages in the amount of $1000.00;

Awarding Plaintiff actual and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692e(11) BY DEFENDANT DEBT COLLECTOR

70. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 69 as though fully set forth herein.

71. Montgomery, violated 15 U.S.C. §1692e (11) by failing to warn that it was a debt collector.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant as follows;

Adjudging Defendant violated the FDCPA;

Awarding Plaintiff statutory damages in the amount of $1000.00;

Awarding Plaintiff actual and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C.

§1692k.

Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C.§ 1692f(1) BY DEFENDANT DEBT COLLECTOR

72. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 71 as though fully set forth herein.

73. Capital Management, Capital LLC, Cheek, Wilson, Montgomery,  Capital N.A., violated 15 U.S.C. §1692f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants as follows;

Adjudging Defendants violated the FDCPA;

Awarding Plaintiff statutory damages in the amount of $1000.00;

Awarding Plaintiff actual and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C.

§1692k.

Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15

**U.S.C.§ 1692g(b) BY DEFENDANT DEBT COLLECTORS**

74. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 73 as though fully set forth herein.

75. Capital Management, Capital LLC, Cheek, Wilson, Montgomery, Capital N.A., violated 15 U.S.C. §1692g(b) by not ceasing collection efforts until the debt was validated.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants as follows;

Adjudging Defendants violated the FDCPA;

Awarding Plaintiff statutory damages in the amount of $1000.00;

Awarding Plaintiff actual and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANT**

76. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 75 as though fully set forth herein.

77. Capital Management willfully violated the FCRA. Capital Managements violations include, but are not limited to, the following:

a). Capital Management willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant as follows;

Adjudging Defendant violated the FCRA;

Awarding Plaintiff actual or statutory damages in the amount of $1000.00;

Awarding Plaintiff punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C § 1681 NEGLIGENT NON-COMPLIANCE BY DEFENDANT

78. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 77 as though fully set forth herein.

79. Capital Management negligently violated the FCRA. Defendants violations include, but are not limited to, the following:

a). Capital Management negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant as follows;

Adjudging Defendant violated the FCRA;

Awarding Plaintiff actual or statutory damages in the amount of $1000.00;

Awarding Plaintiff punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII

### VIOLATION OF OHIO CONSUMER SALES PRACTICES ACT (OCSPA) OHIO REVISED CODE § 1345 BY DEFENDANTS

80. Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 79 as though fully set forth herein.

81. Plaintiff is a consumer within the meaning of OHIO REVISED CODE §1345.01 (D).

82. Defendants are a supplier within the meaning of OHIO REVISED CODE §1345.01 (C).

83. Plaintiff has a private cause of action within the meaning of OHIO REVISED CODE §1345.09.

84. These Courts holdings concerning FDCPA violations supports that it is also automatically a violation of the OCSPA Section 1345.02.

85. Defendants' violated OHIO REVISED CODE § 1345.02 (A),(B), (10) states in part:

(A). No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before during or after the transaction.

(B). Without limiting the scope of division (A) of this section, the act or practice of the supplier in representing any of the following is deceptive:

10). That a consumer transaction involves or does not involve...other rights remedies or obligations if the representation is false.

**WHEREFORE,** Plaintiff demands judgment for damages against All Defendanst as follows;

Adjudging Defendants violated the OCSPA;

Awarding Plaintiff the maximum Damages allowed, attorney's fees and costs, pursuant to OHIO REVISED CODE § 1345.09 (A); and such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

February 8, 2013.                                Respectfully Submitted,

Christine Cart
1380 U.S. Route 322
Orwell, Ohio 44076
(440) 422-3015